IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LOUISE HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CASE NO. 2:11-CV-552-MEF |
| | ) | |
| KIM T. THOMAS, | ) | |
| Commissioner Alabama Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

# **O R D E R**

Upon consideration of the petition for writ of habeas corpus filed by counsel on July 8, 2011 on behalf of Louise Harris, a state prisoner, the Clerk of Court is hereby

DIRECTED to mail a copy of the petition, including exhibits, and this order to Respondents, Kim T. Thomas, Commissioner of the Alabama Department of Corrections and Luther Strange, the Attorney General of the State of Alabama, and to cause a copy of the same to be served upon Warden Frank Albright. On or before **November 23, 2011** Respondents shall file an answer pursuant to the provisions of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

If Respondents contend that a particular claim should be denied because the claim has been previously adjudicated by the state courts in accordance with clearly established Supreme Court precedent, Respondents, as part of their answer, must specifically identify the Supreme Court authority on which the state court relied. *See Neelley v. Nagle*, 138 F. 3d 917

(11th Cir. 1998).

It is

ORDERED that on or before **November 23, 2011** the entire record of this case shall be filed with the Clerk of Court as follows:

1. Respondent shall be responsible for filing the record, unless the parties agree that Petitioner will file the record. Prior to filing the parties shall discuss uniform use of the record including any arrangements for the filing party to make any parts or the whole record available for review or copying by the other party. These arrangements shall include, if necessary, the option of the filing party's serving a complete copy of the record on the other party at the same time as filing, but may also involve partial production where the other party already possesses all or part of the record. The court expects the parties to work together to arrive at the most cost-effective and efficient method possible for coordinating the production of the record.

2. The record shall be divided into volumes each consisting of approximately two hundred pages. Each volume shall be numbered and have a cover that includes the case name, the case number, and a designation of what category of documents, as described below, is contained in the volume.

3. The record shall be assembled in the following order and shall be separated by tabs according to the following categories.

> a. *State Court – Trial*. This section shall include the trial transcript and the circuit clerk's record from the trial proceeding.

b. *Alabama Court of Criminal Appeals – Direct Appeal.* This section shall include the direct appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

c. *Alabama Supreme Court – Direct Appeal.* This section shall include the direct appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

d. *United States Supreme Court – Certiorari.* This section shall include the pleadings filed by both parties with the United States Supreme Court and the decisions(s) from the United States Supreme Court.

e. *State Court – Collateral Proceedings.* This section shall include the post-conviction hearing transcript and the circuit clerk's record from the Rule 32 proceedings with the trial court.

f. *Alabama Court of Criminal Appeals – Collateral Appeal.* This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

g. *Alabama Supreme Court – Collateral Appeal.* This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

h. *United States Supreme Court – Collateral Certiorari.* This section shall include the pleadings filed by both parties with the United States Supreme Court and the decision(s) from the United States Supreme Court.

4. A separate index of the record shall be prepared which identifies each volume of the record, the category of the proceedings contained in the volume, and the general content of the record contained in the volume, including number of pages. For example, the index will read: Volume 1, Circuit Court – Trial, clerk's record pages 1-175; and Volume 2, Circuit Court – Trial, trial transcript pages 1-200. The index shall be served on the opposing party.

5. In referencing this record in any pleadings or briefs filed in this case, the parties shall make specific reference by tab number, volume number and page number.

6. Respondents shall use their best efforts to determine whether an electronic version of the transcript of any trial or collateral proceedings is available, and if so, shall provide that to the clerk of the court in addition to the record required above.

It is further

ORDERED that this action is referred to **Magistrate Judge Susan Walker** for all procedural and discovery matters in this case, including the conduct of a Case Management Conference, at which the parties will be required to clarify and sharpen the claims presented, the nature of any procedural defaults, the existence and nature of any claims of cause and prejudice, whether a hearing or discovery is necessary and to discuss dates for filing briefs.

DONE this the 11th day of October, 2011.

                                           /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE